West Pharris MAY, Jr., Petitioner,

v.

Herb MASCHNER, et al., Respondent.

No. 87-0575-CV-W-1.

United States District Court,
W.D. Missouri, W.D.

Aug. 19, 1987.

---

West Pharris May, Jr., pro se.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

### MEMORANDUM AND ORDER DIRECTING FURTHER PROCEEDINGS

JOHN W. OLIVER, Senior District Judge.

### I

This is a State prisoner habeas corpus case. The response of the Attorney General to this Court's order to show cause contends that petitioner's *pro se* petition presents a mixed petition of exhausted and unexhausted claims which is subject to dismissal without prejudice under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We disagree. We find and conclude that petitioner has exhausted his federal *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), claim. Accordingly, an order will be entered directing the Attorney General to file an appropriate brief on the merits of petitioner's federal constitutional claim.

For reasons stated in part IV of this memorandum opinion a further order will be entered directing the production of additional documentary evidence that will reflect particular pretrial proceedings that may have been conducted in the Circuit Court of Cole County, Missouri.

### II

#### A.

■ The Attorney General's mixed petition argument is based in large part on a portion of the *pro se* petition which petitioner filed in violation of Rule 2 of the Rules governing Section 2254 cases in the United States District Courts. 28 U.S.C.A. foll. § 2254, at 1094. Those Rules were promulgated by the Supreme Court of the United States on April 26, 1976 and became effective February 1, 1977 pursuant to the approval of Congress stated in Pub.L. 94–426, § 1, 90 Stat. 1334 (Sept. 8, 1976). *See* Legislative History of Pub.L. 94–426 in 3 U.S.Code Cong. & Admin.News, 94th Cong. 2d Sess. 2478.

Rule 2(c) provides that the "petition shall be in substantially the form annexed to these rules, except that any district court may by local rule require that petitions filed with it shall be in a form prescribed by the local rule." That rule further provides that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." *Id.*

The petition in this case was filed on the standard model form provided in the appendix to the Rules governing Section 2254 cases. *See* 28 U.S.C.A. foll. § 2254, at 1158. The fact the petitioner used the standard model form rather than the form long provided by this Court's Local Rule 25 is immaterial. For the general instructions and special instructions in regard to the filing of a petition for habeas corpus are stated in identical language in both forms.

Paragraph 2 of the general instructions state at the outset of both forms that:

Additional pages are not permitted except with respect to the *facts* which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in

the form of a separate memorandum. (Emphasis in the original).

Paragraph 12 of both forms directs a *pro se* petitioner to: "State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same." (Emphasis in the original). Paragraph 12 of both forms also contains a "list of the most frequently raised grounds for relief in habeas corpus proceedings." A *pro se* petitioner is instructed that he may check any one of the ten grounds listed in subparagraphs (a) to (j), inclusive, of paragraph 12, but that if he selects "one or more of [the listed] grounds for relief, you must allege facts." Both forms then provide a space in which the petitioner shall state his "grounds" of relief and another space for a statement of petitioner's "Supporting FACTS." The petitioner is specifically directed to "tell your story *briefly* without citing cases or law."

The petitioner in this case alleged the following grounds for relief in paragraph 12 of his *pro se* petition:

A. Ground one: court ruling of voluntary waiver of 6th amend. right to counsel.

B. Ground Two: Court erred in appointing counsel

C. Ground Three: Court erred in appointing friend of the court.

D. Ground four: Trial court erred in allowing to be tried with faulty information.

In the space provided in paragraph 12 of the form in which the petitioner was required to state his "Supporting FACTS" in regard to those alleged grounds for relief, by "telling his story *briefly* without citing cases or law," however, the petitioner in this case directed the Court to "See" his lengthy "Habeas Corpus Attachment." That "attachment," contrary to the general instructions of the form and contrary to the explicit instruction of paragraph 12, stated petitioner's view of many questions of law. As was true in *Jackson v. State of South Carolina*, 498 F.Supp. 186, 190 (D.S. C.1979), the petitioner's "attachment" in this case "obscured his factual allegations by blending such factual averments as are submitted with citations of cases and legal argument." [1] If the petitioner wanted his dissertation of the law considered, it should have been "submitted in the form of a separate memorandum" in accordance with paragraph 2 of the general instructions.

It is thus clear that the petition in this case does not comply with the requirements of Rule 2 of the Rules governing Section 2254 cases. This Court may not properly consider any ground for federal habeas corpus relief that the petitioner may have improperly stated in the "attachment" that the petitioner inserted in his *pro se* petition. For both the standard model form of petition appended to the Rules and the form approved by the Local Rule 25 of this Court require that the grounds of relief be stated separately from the facts supporting a petitioner's legal claims and that no additional pages may be added to a petition "except with respect to the *facts* which you rely upon to support your grounds for relief."

Both forms were designed to eliminate, or at least reduce, the delay and confusion occasioned by the frequently prolix and unschooled filings made by *pro se* petitioners and by filings that have been prepared on their behalf by their fellow inmates. Recognition and consideration of legal grounds of habeas corpus relief that are improperly stated in an "attachment" inserted in a petition in violation of the clear instructions of an approved form petition

---

1. Typical of petitioner's "attachment", are statements that the State trial court "interferred with and iipaired [sic] the legal interest of, the rights, privileges and or, immunities of this petitioner pursuant to the sixth Amendment to the United States Constitution, 5th and 14th Amendments to 'Due Process' and 'Equal Protection'" (Attachment, p. 1) and a statement that "[t]here is no liberty, if the judiciary power be not sperated [sic] from the legislative and executive. Were it joined, the judge may continue to behave with violence and oppression, creating cruel and unusual punishment, in violation of the 8th Amendment to the United States Constitution, as in the instant case." *Id.* at 4.

would defeat the purpose of the requirement of Rule 2 that a petition shall be filed in substantial accordance with an approved form of petition. *See* 28 U.S.C.A. foll. § 2254, at 1094.

Recognition and application of the principle that grounds of federal habeas corpus relief will not be recognized or considered if stated only in an "attachment" to a petition filed in violation of the instructions of an approved form should also help eliminate the delay and useless, unproductive paperwork produced in processing federal habeas corpus cases. Such delays are occasioned by the filing of responses to orders to show cause that, with increasing frequency, attempt to present *Rose v. Lundy* mixed petition arguments in cases in which such an argument is clearly untenable. This case is a good example of such a case. For it is clear that the response filed by the Attorney General in this case cites and relies solely on various statements made by the petitioner in his "attachment" to support his *Rose v. Lundy* mixed petition argument.

It is not necessary that we discuss what legal claims the petitioner may have attempted to state in his "attachment" in regard to an alleged denial of his due process and equal protection rights or in regard to being subjected to cruel and unusual punishment. For whatever was stated in the "attachment" in that regard may not be properly regarded or recognized as an allegation of a ground for federal habeas corpus relief. That being true, it follows that the petition filed in this case may not properly be regarded as a mixed petition for the reason the petitioner may not properly be required to exhaust a federal constitutional question that has not been properly alleged in a petition for habeas corpus.[2]

Application of the principles stated requires that we reject the Attorney General's argument that a *Rose v. Lundy* mixed petition argument may be based on the untutored and unauthorized statements of law contained in petitioner's "attachment" to his *pro se* petition for habeas corpus.

### B.

■ We have not overlooked the Attorney General's contention that the petitioner failed to exhaust an effective assistance of counsel claim which was mentioned in the attachment. A slightly different factual situation exists in regard to that claim. Although the Attorney General does not direct attention to the fact, it must be noted that petitioner did put a checkmark in front of subparagraph (i) of paragraph 12 of the petition form.

The placement of that checkmark and petitioner's loose language about ineffective assistance of counsel in his "attachment," however, may not properly be said to allege a Sixth Amendment claim of denial of effective assistance of counsel. For, contrary to the directions of paragraph 12, petitioner did not even attempt to state such a claim as a ground for relief or to state any facts in support of such a ground in the space provided for in paragraph 12 of the form petition. The principle that a claim that has not been properly alleged as a separate ground for habeas corpus relief may not properly be labeled an unexhausted claim for *Rose v. Lundy* purposes is therefore applicable to that possible ground for federal habeas corpus relief.

### C.

■ Petitioner alleged as his fourth ground for federal habeas corpus relief that the "[t]rial court erred in allowing [petitioner] to be tried with faulty information."[3] The Attorney General's response

---

2. Should petitioner attempt at some later date to present the claims which the Attorney General now contends are unexhausted, his second petition would be subject to and processed in accordance with Rule 9(b) of the Rules governing Section 2254 cases. That rule provides that: "A second or successive petition may be dismissed if the judge finds that it fails to allege new or

different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28 U.S.C.A. foll. § 2254, at 1136.

3. Petitioner restated that ground as "claim No. IV" in his "attachment" as follows: "The trial

accurately describes petitioner's ground four as a state law claim. The fact that a *pro se* petition may contain an unexhausted state law claim does not support a *Rose v. Lundy* mixed petition argument. *Hall v. State of Iowa*, 705 F.2d 283, 287 (8th Cir. 1983), makes clear that unexhausted "state claims included in a federal habeas petition and having no constitutional relevance should not deprive a federal district court of the right to entertain other exhausted claims which do have their roots under the federal Constitution." [4] We agree with the Attorney General's analysis of petitioner's fourth claim as a state law claim. We conclude, however, that an alleged failure to exhaust that claim does not prevent this Court's consideration of the exhausted *Faretta* claim alleged in petitioner's *pro se* petition for habeas corpus.

## III

### A.

▮ Petitioner's *pro se* petition must be given a liberal construction. Examination of the *pro se* petition in accordance with that established standard and examination of the exhibits attached to the Attorney General's response establishes that the first three grounds stated in the *pro se* petition allege but a single federal claim based on *Faretta.* That examination also establishes that petitioner's *Faretta* claim was adequately exhausted and that an order should be entered directing the Attorney General to file a supplemental response on the merits of that claim.

### B.

The Attorney General's response, in reliance on the leading exhaustion case of *Picard v. Connor,* 404 U.S. 270, 92 S.Ct.

509, 30 L.Ed.2d 438 (1971), contends that petitioner's federal claim based on *Faretta* was not "fairly presented" to state courts and must therefore be considered an unexhausted claim. We disagree.

In *Martin v. Wyrick,* 423 F.Supp. 884, 892 (W.D.Mo.1976), this Court concluded that the "fairly presented" language in *Picard v. Connor* must not be read out of context. We therefore concluded that a federal habeas petitioner must be said to have exhausted his state remedies if he has presented the state courts with an *appropriate opportunity* to rule the merits of petitioner's federal claim. 423 F.Supp. at 892–93. We also concluded that the fact the state courts may have failed to rule the merits of the petitioner's federal claim would not constitute a failure of exhaustion.[5] *Id.*

*Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982), establishes that our view of *Picard v. Connor* as stated ten years ago in *Martin v. Wyrick* was a correct view of that case. *Anderson* held that the "fairly presented" language of *Picard v. Connor* must be read in context with the "fair opportunity" language of *Picard v. Connor.* The court stated the following in *Anderson v. Harless:*

> In *Picard v. Connor,* 404 U.S. 270 [92 S.Ct. 509, 30 L.Ed.2d 438] (1971), we made clear that 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. *Id.* [404 U.S.], at 276–277 [92 S.Ct. at 512–513].... In addition, the habeas petitioner must have "fairly presented" to the state courts the "sub-

---

court erred in that it allowed the state of Missouri to try petitioner withn [sic] a faulty *'Information'* ".

4. *See also Nelson v. Solem,* 714 F.2d 57, 60 n. 2 (8th Cir.1983) ("If Nelson's claim could be construed only as a state law claim, then failure to exhaust this claim would not prevent the district court from considering the remaining exhausted federal claim.")

5. The conclusion stated in *Martin* was based on the Eighth Circuit cases of *Losieau v. Sigler,* 421

F.2d 825, 832 (8th Cir.1970); *Rice v. Wolff,* 513 F.2d 1280, 1290 (8th Cir.1975), and particularly on *Eaton v. Wyrick,* 528 F.2d 477, 480 (8th Cir.1975) ("'State courts need not have definitively ruled on the merits of the issues raised by a petitioner seeking federal habeas corpus relief; rather, it is sufficient that the State courts have been *properly presented* with the *opportunity* to rule on the issues.' [*Id.* at 480; *Eaton's* emphasis].") 423 F.Supp. at 892.

stance" of his federal habeas corpus claim. *Picard, supra,* at 275, 277–278 [92 S.Ct. at 275, 277–278]. Cf. *Rose v. Lundy,* 455 U.S. 509, 518, [102 S.Ct. 1198, 1203, 71 L.Ed.2d 379] (1982). 459 U.S. at 6, 103 S.Ct. at 277.

We find and conclude that the state courts were provided with a "fair opportunity" to rule the merits of petitioner's *Faretta v. California* claim and that the state courts were "fairly presented" with the "substance" of petitioner's federal habeas corpus claim.

### C.

There can be no doubt that the state courts focused primary attention on the Supreme Court of Missouri's then recent construction of Section 600.051, R.S.Mo. 1978 in *Peterson v. State,* 572 S.W.2d 475, 477 (Mo. banc 1978), in which that court definitely held that "since the effective date of § 600.051 (August 13, 1976) the use of the written form prescribed therein has been mandatory and that failure to use the written form as mandated is reversible error." There can be no real question, however, that the substance of petitioner's federal habeas corpus based on *Faretta* was fairly presented in petitioner's Rule 27.26 proceeding and that both the Rule 27.26 state trial court, the Missouri Court of Appeals, Western District, and the Supreme Court of Missouri were afforded a fair opportunity to determine the merits of that federal habeas corpus claim.

The transcript of the Rule 27.26 hearing shows that inquiry was made in regard to whether petitioner had been cautioned about the dangers of representing himself. Exh. F, at 5, 16. More important, that transcript shows that petitioner's Rule 27.-26 counsel advised the trial court that petitioner relied on *State v. Crews,* 607 S.W.2d 729 (Mo.App.1980), and *State v. Hamilton,* 647 S.W.2d 594 (Mo.App.1983), to support his claim for postconviction relief. Exh. F, at 39, 41.

Both *Crews* and *Hamilton* involved factual situations in which a written Section 600.051 waiver had not been signed by the defendant. In *Crews* the "defendant was allowed to try the case with counsel available to assist and advise him." 607 S.W.2d at 731. This was permitted "only after extensive questioning by the Court during which the hazard of self-representation was explained thoroughly to the defendant."[6] *Id.*

*Hamilton* also involved a factual situation in which no signed, written Section 600.051 waiver had been obtained from the defendant. A docket entry made the day before trial commenced in the Circuit Court of Cole County, Missouri stated that:

> Defendant appears in person and by his attorney. State appears by Mr. Callahan. Defendant announces his desire to represent himself. *Rights explained.* Defendant allowed to represent himself. Public Defender excused from this case. (Emphasis added).

647 S.W.2d at 595.

The Missouri Court of Appeals, Western District, reversed the defendant's conviction and remanded the case for a new trial. That relief was granted for the reasons (1) that "[a]t no place does the record show compliance by the trial court of the provisions of § 600.051 as to appellant's waiver of counsel" and because (2) there "is no showing of what 'rights' were explained" to the defendant. *Id.*[7]

---

**6.** *Crews,* consistent with three other earlier Missouri Court of Appeals decisions, concluded that the Supreme Court's decision in *Peterson* was not applicable for the reason "the extensive warnings and questioning by the court and defendant's responses thereto establish that defendant was adequately warned and made his choice with full knowledge and understanding of what he was doing." 607 S.W.2d at 731.

**7.** The *Hamilton* court appropriately noted that the written waiver required by paragraph 2 of Section 600.051 does not come into play until

after the state trial court "first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel" in accordance with paragraph 1 of that section. *Id. Hamilton* reversed the defendant's conviction for the reason there "is no evidence that appellant knew what he was doing in choosing to represent himself and made an intelligent waiver of his right to counsel." *Id.* The case concluded, on the facts, that the defendant was, "so far as the record shows, not

The memorandum decision of the circuit court judge who conducted the Rule 27.26 hearing (Exh. E at 27–32) contains specific findings of fact on the issue of whether the petitioner made a knowing, intelligent, and voluntary waiver of his right to counsel. The Rule 27.26 judge found as matter of fact that "the right to and advantages of counsel were fully explained to movant" (*Id.* at 27) and that the "transcript of January 16, 1978, clearly shows that the movant was advised of his right to counsel and the advantages of having counsel." *Id.* at 28.

### D.

Petitioner's appointed Rule 27.26 appellate counsel presented a single point for appellate review in the Missouri Court of Appeals, Western District. That single point, however, included in the conjunctive, both petitioner's federal constitutional claim under *Faretta* and petitioner's state law claim under Section 600.051, the latter claim being based on the Supreme Court of Missouri's mandatory language in *Peterson.*[8] Petitioner's Rule 27.26 appellant's brief shows that the Supreme Court of the United States cases cited in support of petitioner's federal constitutional claim were discussed in detail in the argument portion of that brief.

Arguing that the principles stated in those cases should be applied to the factual circumstances of this case, petitioner's appellant's brief stated there was nothing in the record "sufficient to establish that appellant knowingly and intelligently relin-

quished his constitutional right to counsel." Exh. G at 22–23. In regard to what the record did show, petitioner's Rule 27.26 brief stated that the "record is devoid of any inquiry by the trial judge that would determine that the appellant made a knowledgeable and intelligent waiver." *Id.* at 19. That brief further argued that the "trial court also failed to inform the appellant of the dangers and disadvantages of self-representation or make inquiry into his awareness thereof." *Id.* at 19–20. It was also argued that a "thorough reading of the transcript ... reveals that no one had questioned the appellant to ensure that he was making a knowing and intelligent waiver of his right to counsel."[9] *Id.* at 20–21.

The Rule 27.26 respondent's brief filed in the Missouri Court of Appeals did not discuss petitioner's constitutional claim. Rather, the Attorney General argued, on the facts, the petitioner was afforded "hybrid representation" and that, on the law, that "hybrid representation does not require ... a written waiver" under Section 600.051. Exh. H at 5. Respondent's brief actually described the Assistant Public Defender of Boone County as "appellant's co-counsel." Respondent contended, of course, that the mandatory language of *Peterson* did not require reversal.

The failure of the Attorney General to respond to petitioner's *Faretta* argument presented in petitioner's Rule 27.26 appellant brief does not, of course, establish that the Missouri Court of Appeals, Western District, had not been afforded a fair op-

even made aware of difficulties and problems of self-representation...." *Id.*

**8.** The "point relied on" stated: "The trial court committed plain error in allowing the appellant to proceed to trial unrepresented by counsel because the appellant was denied his right to counsel under the sixth and fourteenth amendments in that the trial court failed to determine whether or not the appellant had made a knowledgeable and intelligent waiver of the right to assistance of counsel, *and* in that the appellant did not sign a written waiver of counsel, which is statutorily required in any case where a criminal defendant may receive a jail sentence." Exh. G at 9. (Emphasis added). Petitioner cited the following Supreme Court of the United States cases in support of his federal constitutional claim: *Faretta v. California,* 422 U.S. 806,

95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Adams v. United States ex. rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); and *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

**9.** Petitioner's Rule 27.26 appellant's brief also included a short argument based on the mandatory language of *Peterson.* Citing *Peterson,* that brief argued that the "Missouri Supreme Court held that a written waiver under § 600.051 is mandatory in order to establish a valid waiver of the defendant's constitutional right to counsel" and that in "the present case, the record clearly shows that the appellant did not sign a written waiver...." *Id.* at 16.

portunity to apply the controlling principles of *Faretta* to factual circumstances of this case.

### E.

The Missouri Court of Appeals, Western District, in an unpublished opinion, Exhibit I, implicitly noticed but did not reach petitioner's federal constitution question. That court concluded that it was bound by the Supreme Court of Missouri's mandatory construction of Section 600.051 as stated in *Peterson. Id.* at 4.

That court expressly rejected the respondent's "hybrid representation" argument on the facts and reversed and remanded the Rule 27.26 trial court, concluding that:

> Were it an open question, the issue might be resolved so as to affirm the trial court. The question is not open. *Peterson, supra,* holds unequivocally in the context of a Rule 27.26 proceeding that the failure to obtain the written waiver constitutes reversible error. In *State v. Hamilton,* 647 S.W.2d 594, 592 [596] (Mo.App.1983), this court held that the failure to obtain a written waiver pursuant to the statute required reversal under the plain error rule on direct appeal.

*Id.* at 4–5.[10]

### F.

On the Attorney General's application, the case was transferred to the Supreme Court of Missouri. Taking the case as an initial appeal, the Supreme Court of Missouri in *May v. State,* 718 S.W.2d 495 (Mo. banc 1986), affirmed the trial court's denial of postconviction relief on the ground that "the circuit judge's findings and conclusions are supported by the evidence and are legally correct." 718 S.W.2d at 496.[11]

It is not appropriate for this Court to consider at this time the merits of the Supreme Court of Missouri's decision affirming the Rule 27.26 trial court's denial of postconviction relief. For only the question of exhaustion raised by the Attorney General's response is under present consideration.

It is appropriate to note, however, that the supplemental briefs filed in the Supreme Court of Missouri by both parties discussed the substance of petitioner's federal habeas corpus claim in a manner that supports our conclusion that petitioner's *Faretta* claim was fairly presented to that court and that the Supreme Court of Missouri was afforded a fair opportunity to decide that claim.

### G.

The Attorney General's supplemental brief filed in the Supreme Court of Missouri candidly recognized that "[p]etitioner's claim in his Rule 27.26 motion and in his appeal involves two distinct bodies of law." Exh. K at 7 n. 1. He explained that:

> Petitioner's claim that he did not knowingly and intelligently waive his right to counsel is grounded in federal constitutional law. Whether or not an accused will be allowed to represent himself depends on whether he knowingly and intelligently, on the record, waived his right to counsel. *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

*Id.* Significantly, the Attorney General added that: "Of course, the constitutional claim is cognizable under Missouri Supreme Court Rule 27.26(a)." *Id.*

---

10. Judge Lowenstein's concurring opinion was based on the same ground. He stated that: "Under *Peterson v. State,* 572 S.W.2d 475 (Mo. banc 1978), the result reached here is mandated—if the form wasn't signed reversible error occurred." *Id.* at 2 (Lowenstein, J., concurring). He also sent a message to the Supreme Court of Missouri by stating that "[u]nless those in a position to make sensible changes in the role of appointed counsel in criminal cases do something to correct the present state of affairs, procedure will prevail over substance and the

system hamstrung." *Id.* at 1 (Lowenstein, J., concurring).

11. The Supreme Court of Missouri quoted that portion of the Rule 27.26 trial judge's finding which included the statement that "the right to and advantages of counsel were fully explained to movant." *Id.* at 497. That court also concluded, on the facts, that the trial court did all that was reasonably possible to "provide objective assurance that the defendant's waiver [was] knowing and voluntary." *Id.*

The Attorney General's supplemental brief accurately pointed out that no cases can be cited to support "the proposition that the federal Constitution requires a written waiver of counsel in order for the waiver to be knowing and intelligent." *Id.* That brief added that the "only requirement is that the court be able to tell, on the record, whether appellant knowingly and intelligently waived his right to counsel." [12] *Id.* at 7–8. On the facts, the Attorney General's supplemental brief argued to the Supreme Court of Missouri that the "70-page pre-trial record in this case is sufficient to demonstrate that appellant's waiver of counsel was knowing and intelligent." *Id.* at 8.

Petitioner's supplemental brief filed in the Supreme Court of Missouri again presented his federal habeas corpus claim to that court for its consideration. The point relied on for reversal of the Rule 27.26 trial court included petitioner's contention that the petitioner had not, in fact, been "represented by counsel in a hybrid capacity" and that, on the facts, the "trial court failed to determine whether or not appellant had made a knowledgeable and intelligent waiver of the right to assistance of counsel." Exh. J at 3.[13]

Petitioner's supplemental brief argued in much the same manner as had the Attorney General, that the "requirement of Section 600.051, that the Court determine that the defendant have made a knowing and intelligent waiver of his right to counsel, has its origin in constitutional law." [14] *Id.* at 11–12. Petitioner's brief argued on the facts that the "record is devoid of any inquiry by the trial judge that would determine that appellant made a knowledgeable and intelligent waiver" (*id.* at 13) and that the "record indicates the trial court failed to inform the appellant of the dangers and disadvantages of self-representation or make inquiry into his awareness thereof." *Id.* at 14.

We find and conclude that the supplemental briefs filed by the parties in the Supreme Court of Missouri fairly presented the substance of petitioner's *Faretta* claim to that court in a manner that afforded that court a fair opportunity to apply controlling legal principles to the facts bearing on petitioner's federal constitutional claim. We accordingly find and conclude that the petitioner has exhausted his available state court remedies in regard to his *Faretta* claim.[15]

---

**12.** In a later part of his supplemental brief the Attorney General amplified the above argument by stating: "Since there is no requirement under federal constitutional law that the waiver be written, *see, e.g., United States v. King,* 582 F.2d 888, 890 (4th Cir.1978), a written waiver requirement under state law interferes with the assertion of *Faretta* rights. If this Court were to rule that appellant did not have hybrid representation, then application of § 600.051, RSMo 1978, would be unconstitutional. Generally, the written waiver requirement would be unconstitutional because it dampens and interferes with appellant's assertion of *Faretta* rights." *Id.* at 14 n. 3.

**13.** Petitioner cited the following Supreme Court cases in support of the point relied on: *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); and *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

**14.** Petitioner's brief made the following argument in support of that conclusion:

Absent a knowing and intelligent waiver, no person may be imprisoned unless he was represented by counsel at trial. *Argerslinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Although a criminal defendant has the constitutional right to appear *pro se* and present the defense himself, he should be allowed to represent himself only after advisement from the court of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 582 (1975), *quoting Adams v. United States el rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942).

*Id.* at 12.

**15.** *Allen v. County Court, Ulster Cty.,* 568 F.2d 998, 1001 n. 6, (2d Cir.1977), relied on and quoted from the Eighth Circuit's decision in *Eaton v. Wyrick, supra,* to support its conclusion that a State appellate court cannot "simply ignore appellees' constitutional claim and thereby force them to undertake another round of state court litigation." The *Allen* court also cited *United States v. Fay,* 333 F.2d 815, 819 (2d

## IV.

The documentary evidence presently before the Court contains a substantial number of references to the files and records of the Circuit Court of Cole County that reflected the processing of this case before it was transferred to the Circuit Court of Boone County for trial. The transcript of the proceedings conducted on January 16, 1979 in the Circuit Court of Boone County, Exh. A at 52, for prime example, shows that Judge Cave had before him "the file from Cole County" and that he read in the record the following entry from the docket sheet of that court dated September 5, 1978:

> Defendant May appears in person and by his attorney. Motion to Dismiss attorney presented. *Rights explained.* Mr. Ossman, O-S-S-m-a-n, is released from responsibility of representation of Mr. May. Mr. May will proceed pro se. (Emphasis added).

*Id.* at 52–53.

That Circuit Court of Cole County docket sheet entry was in substantially the same language as the docket sheet entry made in the same court that was quoted and considered in *State v. Hamilton,* 647 S.W.2d 594, 595 (Mo.App.1983).[16]

As noted above, *Hamilton* reversed a defendant's conviction because there was "no showing of what 'rights' were explained." *Id.* at 595. We believe that it is obvious, however, that if the defendant in *Hamilton* had, in fact, had his "rights explained," the defendant's conviction in that case would have been affirmed rather than reversed.

We are satisfied that the factual reliability of the "rights explained" statement in the docket entry made in the Circuit Court

of Cole County's records on September 5, 1978 may be a relevant factor in the determination of the merits of this case. We therefore are satisfied that an order should be entered pursuant to Rule 7(a) of the Rules governing Section 2254 cases directing that the record be expanded to include the relevant documentary evidence, if any, that may be said to support the "rights explained" language in the Circuit Court of Cole County's September 5, 1978 docket entry.[17]

## V

For the reasons stated, and in particular light of this Court's finding and conclusion that petitioner has adequately exhausted his available state court remedies in regard to his *Faretta* claim for the reasons above-stated, it is

ORDERED (1) that on or before September 8, 1987, respondent shall prepare, serve, and file an appropriate brief on the merits of petitioner's federal constitutional claim based on *Faretta.* It is further

ORDERED (2) that on or before the same date, respondent shall file a supplemental response to this Court's order to show cause to which shall be attached copies of the legal file which will reflect the proceedings conducted in the Circuit Court of Cole County, Missouri before the transfer of this case to the Circuit Court of Boone County, Missouri together with a copy of the transcripts of any proceedings that may have been conducted in the Circuit Court of Cole County in regard to petitioner's motion to discharge counsel that had been appointed by that court and Judge Kinder's grant of petitioner's right of self-representation. It is further

---

Cir.1964), which concluded that "[t]o hold otherwise would be to exhaust 'the prisoner rather than the state remedy * * *.' *United States ex rel. Kling v. LaVallee,* 306 F.2d 199, 203 (2 Cir.1962) [Friendly, J., concurring]." We agree.

**16.** As above noted in the text, the Cole County docket sheet entry made March 15, 1982 considered in *Hamilton* reads as follows: "Defendant appears in person and by his attorney. State appears by Mr. Callahan. Defendant announces his desire to represent himself. *Rights*

*explained.* Defendant allowed to represent himself." (Emphasis added). 647 S.W.2d at 595.

**17.** Rule 7(a) of the Rules governing Section 2254 cases provides that: "If the petition is not dismissed summarily the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." 28 U.S.C.A. foll. § 2254, at 1128.

ORDERED (3) that the question of whether it would be appropriate to appoint counsel to represent the petitioner in this Court will be deferred until after the Court will have reviewed the filings made pursuant to Order (1) and Order (2) above.

