**David Ray PETERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 60778.**

Supreme Court of Missouri,
En Banc.

Nov. 6, 1978.

Larry D. Harman, Asst. Public Defender, Gerald Kiser, Public Defender, Liberty, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

On January 21, 1977, appellant appeared in the Circuit Court of Clay County, Missouri, without counsel, entered a plea of guilty to a charge of burglary in the second degree, and was sentenced to imprisonment for a term of eight years.

On February 28, 1977, appellant filed in the Circuit Court of Clay County, Missouri, his Motion to Vacate Judgment under Rule 27.26. On March 25, 1977, the Motion to Vacate Judgment was overruled.

On April 3, 1978, the Kansas City District of the Court of Appeals affirmed. On June 15, 1978, the cause was transferred to this Court. We finally determine the cause "the same as on original appeal." Mo.Const., Art. V, § 10.

The determinative issue on appeal is whether the trial court committed reversible error in failing to have a written waiver

of counsel signed in compliance with § 600.-051, RSMo Supp. 1976. Section 600.051 reads as follows:

"1. *Any judge of a court of competent jurisdiction may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement if* the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and *the waiver is signed before and witnessed by the judge or clerk of the court,* providing further that the waiver contains at least the following information which the defendant has read or which has been read to the defendant before the signing thereof:

"(1) That the defendant has been charged with the offense of . . . (nature of charge must be inserted before signing);

"(2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury;

"(3) That the maximum possible sentence on the charge is . . . imprisonment in jail and a fine in the amount of . . . dollars or by both imprisonment and fine. That the minimum possible sentence is . . . imprisonment in jail or by a fine in the amount of . . dollars or by both such confinement and fine;

"(4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by [a] judge;

"(5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement;

"(6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

"2. Such a waiver and procedure shall be required if the judge imposes an order of probation, parole or suspension of sentence whereby subsequently the defendant may be ordered confined thereunder. Whenever a judge has permitted the filing of a waiver and a plea of guilty or a finding of guilty on the charge is entered and before the imposition of a sentence of confinement (including probation, parole or suspended sentence), the judge shall determine:

"(1) That if a plea of guilty has been entered, there is a factual basis for such a plea and, upon inquiry of defendant, that defendant is in fact guilty of the charge;

"(2) That the defendant does not know of the existence of any witness or of any fact, circumstances or evidence which was not presented to the court, which would exonerate defendant of the charge;

"(3) That upon inquiry of the prosecuting attorney there are no witnesses or evidence which would cast a reasonable doubt about the defendant's guilt or defenses available to defendant not disclosed to the court." (Emphasis ours).

Respondent asserts that appellant's contention should not be sustained because the trial court's failure to require a written waiver of the right to assistance of counsel was not prejudicial to appellant. We do not agree. To borrow from Judge McMillian in *State v. Mills,* 521 S.W.2d 495, 498 (Mo.App. 1975), if the practice of judicially determining the prejudicial effect of failure to follow the rule mandated by § 600.051 is encouraged by subjective judicial constructions, the exceptions may well become better known than the rule itself. In other words, if we, the judiciary, constantly give currency to this practice, the value and benefits to be derived from use of the statutory written form will be lost.

In *State v. Clifton,* 549 S.W.2d 891 (Mo. App.1977) the Missouri Court of Appeals, St. Louis District, felt compelled to insist on strict compliance with Rule 20.02(a) of this Court insofar as it requires that prior to voir dire examination of the jury the court must read to the jury MAI–CR No. 1.02. We also feel compelled by § 600.051 to insist on strict compliance with its provisions.

The General Assembly has fixed the signing of a written waiver form as being a necessary part of the procedure to be followed in a criminal case wherein a defendant may receive a jail sentence or confinement, and the courts must abide it.

■ We hold that since the effective date of § 600.051 (August 13, 1976) the use of the written form prescribed therein has been mandatory and that failure to use the written form as mandated is reversible error. The judgment of the trial court is clearly erroneous. Rule 27.26(j).

The judgment is reversed and the cause remanded with directions to enter judgment setting aside the conviction and permitting withdrawal of plea, and for further proceedings thereafter according to law.

MORGAN, C. J., and FINCH, REND-LEN, SEILER and SIMEONE, JJ., concur.

BARDGETT, J., concurs in result.