**STATE of Missouri, Respondent,**

v.

**Mark Juan HAMILTON, Appellant.**

**No. WD 33729.**

Missouri Court of Appeals,
Western District.

Feb. 8, 1983.

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

The sole question is whether there was reversible error because the trial court permitted appellant to proceed to trial unrepresented by counsel without first obtaining his signed written waiver of counsel as required by § 600.051, RSMo 1978. There was no objection in the trial court of the failure to secure the written waiver, nor was the matter presented in appellant's motion for new trial. It is presented here as a claim of plain error under Rule 29.12(b), which is: "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

Appellant was convicted by the verdict of a jury for the offense of offering violence to a guard in violation of § 216.460, RSMo 1978,[1] and was sentenced as a persistent offender to five years imprisonment.

Entries upon the trial court's docket sheet show these matters: Appellant was indicted on December 11, 1981. He appeared in person on January 14, 1982, and the public defender was appointed to represent him. He was arraigned, stood mute as to plea, and a plea of not guilty was entered in his behalf. The case was set for trial to a jury for March 16, 1982. On March 15, 1982, this entry was made: "Defendant appears in person and by his attorney. State appears by Mr. Callahan. Defendant announces his desire to represent himself. Rights explained. Defendant allowed to represent himself. Public Defender excused from this case." The next day appellant appeared pro se, a jury was selected, the state presented its evidence and rested, appellant then made an opening statement, and presented evidence (by the testimony of other inmates).

At no place does the record show compliance by the trial court of the provisions of § 600.051 as to appellant's waiver of counsel. There is no showing of what "rights" were explained. Paragraph 1 of § 600.051 provides: "Any judge of a court of competent jurisdiction may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and * * *." [There is no evidence here that appellant knew what he was doing in choosing to represent himself and made an intelligent waiver of his right to counsel. He was, so far as the record shows, not even made aware of difficulties and problems of self-representation as was the case in *Powell v. State,* 581 S.W.2d 37 (Mo.App.1979), a case arising before the effective date of § 600.-051. See also *State v. Christian,* 604 S.W.2d 758, 760 (Mo.App.1980), where it was held that the evidence did not show that the defendant made an intentional waiver of his right to counsel, which is the basic requirement under § 600.051 although that section was not mentioned in the Christian case.]

The second requirement of § 600.051 is that the waiver be signed and witnessed by the judge or clerk of the court, and that it contain *at least* the following information which the defendant has read or which has been read to him (here paraphrased): (1) The nature of the charge; (2) The right to trial on the charge and a right to trial by jury; (3) The possible range of punishment; (4) That recommendations of the prosecuting attorney are *not binding* on the court; (5) If found guilty, the judge is most likely to impose a sentence of confinement; (6)

---

1. Later repealed, and a new section enacted, § 217.385, Laws 1982, p. ——, H.B. No. 1196, § A (§ 74), as a Class C felony.

That, if indigent, the defendant has the right to request appointed counsel for his defense; and that neither defendant nor the prosecuting attorney know of any witness, fact or circumstance, which would exonerate defendant, or which would cast a reasonable doubt on his guilt, or defenses available to him not disclosed to the court. In *Peterson v. State,* 572 S.W.2d 475, 477 (Mo. banc 1978), the mandatory nature of § 600.051 was addressed, "The General Assembly has fixed the signing of a written waiver form as being a necessary part of the procedure to be followed in a criminal case wherein a defendant may receive a jail sentence or confinement, and the courts must abide it." It was held that failure to use the written form as mandated is reversible error.

The state contends that the failure to use the written waiver form is not reviewable as plain error under *State v. Tyler,* 622 S.W.2d 379, 383[2–6], et seq. (Mo.App.1981). That case is distinguishable on its facts: First, that Tyler was advised by three different trial judges of his right to counsel; he vacillated on that advice; he was fully aware, as shown by the recitation of facts, of the ramifications and hazards of self-representation; and finally, Tyler's guilt was established by overwhelming evidence. None of the facts are here present, except that appellant's guilt of offering violence to two guards during a fracas at the prison was shown by substantial evidence. His contrary position (as per his opening statement and testimony of his inmate witnesses) was that the striking of one guard was accidental, and it tended to show that he did not strike the other guard. It should have been explained to appellant how counsel could have aided him in jury voir dire examination and selection, examination of witnesses, preparation of motions, objections to evidence, and other matters relating to defense. No knowledgeable and intentional waiver of the right to counsel was here made, and there was no semblance of compliance with the requirements of § 600.051.

The judgment is reversed, and the case is remanded for new trial.

All concur.