on two counts. The first count was for forcible entry and detainer, and the second count was for wrongful eviction. Boone and Tiger Towers filed an answer and a counterclaim claiming that Boyd owed rent.

After a hearing, the court entered judgment in favor of Boyd on Count II of her petition. The judgment made no disposition of Count I of the petition or of the counterclaim.

The right of appeal is purely statutory and a judgment is generally not final and appealable when it does not dispose of all parties and all issues. *Haarmann v. Davis,* 620 S.W.2d 39, 40[1, 2] (Mo.App. 1981). Here the judgment did not dispose of one of the counts of the petition or of the counterclaim. For this reason, it does not constitute a final judgment.

This appeal is dismissed, and this cause is remanded with directions to enter a final judgment which will dispose of all parties and all issues. In the event that an appeal is taken from that judgment, the record on appeal and the briefs now on file may be refiled together with such supplements to the record on appeal and to the briefs as the parties may desire to file. *New Style Homes, Inc. v. Fletcher,* 600 S.W.2d 634, 636 (Mo.App.1980).

All concur.

R.M. Gifford of Gifford & Richardson, Green City, for appellant.

Respondent did not file brief.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This appeal is from a conviction for assault, third degree, a Class A misdemeanor, § 565.070, RSMo 1978. The Honorable Herbert S. Brown, Associate Circuit Judge of Grundy County was assigned by the Honorable James J. Wheeler, Circuit Judge of the Ninth Judicial Circuit, as Special Judge to hear this cause. The judgment is reversed and the cause remanded.

The sole question is whether reversible error occurred when the trial court permitted this case to go to trial without appellant's being represented by counsel without first having executed a written waiver of counsel pursuant to § 600.051, RSMo 1978.

This judgment must be reversed. It serves no purpose to set forth a recitation of the pertinent facts. The appeal was submitted on briefs and respondent did not

STATE of Missouri, Respondent,

v.

**Walter HANNAH, Appellant.**

No. WD 33814.

Missouri Court of Appeals, Western District.

March 22, 1983.

even bother to file a brief. The alleged error is submitted under Rule 29.12(b).

The record fails to reveal any written waiver of counsel as mandated by § 600.-051. Reversal of the judgment is ruled squarely by our decision in *State v. Hamilton,* 647 S.W.2d 594 (Mo.App.1983). See also *Peterson v. State,* 572 S.W.2d 475, 477 (Mo. banc 1978); *State v. Christian,* 604 S.W.2d 758, 760 (Mo.App.1980); and *Powell v. State,* 581 S.W.2d 37 (Mo.App.1979). That this question is reviewable under our plain error rule 29.12(b), see *Hamilton, supra.*

Judgment reversed and cause remanded.

All concur.

---

**STATE of Missouri, Respondent,**

v.

**Kenneth P. HANSEN, Appellant.**

**No. WD 33880.**

Missouri Court of Appeals,
Western District.

March 22, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

---

ORDER

PER CURIAM:

Appeal from a jury conviction for attempted burglary, second degree, a Class D felony, in violation of § 569.170 and § 564.-011, RSMo 1978. The judgment is affirmed.

A written opinion would serve no jurisprudential purpose.

All concur.

Rule 30.25(b).

---

**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Lonnie Allen NEAL,
Defendant-Appellant.**

**No. 13057.**

Missouri Court of Appeals,
Southern District,
Division Three.

March 24, 1983.

