**STATE of Missouri, Respondent,**

v.

**Leonard ROGERS, Appellant.**

**No. 47022.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1984.

Application to Transfer Denied
Sept. 11, 1984.

---

Henry B. Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Chief Judge.

Appellant Leonard Rogers was found guilty by a jury and was convicted of stealing, § 570.030 RSMo 1978, third offense, § 570.040 RSMo 1978. He was sentenced as a persistent offender, § 558.016 RSMo 1978, to ten years' imprisonment. We affirm.

The crime occurred on September 8, 1982, at about 5:15 p.m. on a parking lot in downtown St. Louis. It was rush hour and the cashier was directing traffic in the middle of the lot when he saw appellant, with a knife in his hand, take money from the unoccupied booth. A customer, upon seeing the flash of the knife as appellant reached inside the booth, gave chase. Appellant dropped the knife in an alley and the weapon was retrieved by the customer during the chase. Seeing police, the customer yelled, "Stop that man, he's a thief." A uniformed police officer apprehended appellant shortly thereafter. The officer seized $106 from appellant's hand; the cashier estimated that $104 to $107 was missing from the parking lot register. The customer arrived on the scene of the arrest and informed the officer of the crime and presented the knife. Appellant was then arrested and informed of his rights. Appellant indicated that he understood his rights and said, "I took the money but it's only a till tapping, not a robbery." He also admitted that, "I found the knife in the park today." Appellant was placed in a lock-up van and driven back to the parking lot where the cashier identified him.

At a pretrial hearing, appellant moved to proceed pro se. The trial court judge thoroughly explained the dangers and disadvantages of self-representation. The appellant was advised the following: (1) that self-representation is unwise; (2) that appellant would receive no special indulgence by the court and that he must follow the rules of criminal procedure and evidence; and, (3) that the prosecution will be represented by an experienced, professional counsel. The court then made an inquiry into appellant's intellectual capacity to make an intelligent decision. Appellant was asked about the nature and extent of his formal education and his familiarity with legal procedures. Although he had the equivalent of a high school education, appellant stated that he had performed twelve years of legal research while he was serving other prison terms. Furthermore, all of appellant's pro se motions appeared to be in good order. The trial court's inquiry into appellant's mental health revealed no problems. Appellant stated that he was aware that he had a right to counsel at any time and at no cost to him. The court then explained the procedure of the trial and asked if appellant was making his choice with his eyes open. Appellant responded affirmatively. Appellant was then informed that if he misbehaved, his right of self-representation would be vacated. Lastly, appellant was made aware that in spite of his efforts, he could not later claim inadequacy of representation.

The trial court judge then read the waiver warnings of § 600.051 RSMo 1978 to appellant and appellant signed the written waiver. Excluded from the waiver that the judge recited to appellant, and the waiver form that appellant signed, were two clauses. The first clause was the following: "... the judge is most likely to impose a sentence of confinement," from § 600.051, subd. (5) RSMo 1978. The second clause excluded advised the defendant of the possibility of receiving a fine of $5,000. § 600.051, subd. 1 (3) RSMo 1978.

The first issue on appeal is whether the trial court by not complying with the elements of § 600.051 RSMo 1978 committed plain error when it accepted appellant's incomplete written waiver of the right to counsel.

The general rule concerning the application of the plain error rule is that it is discretionary, *State v. Ball*, 591 S.W.2d 715, 716 (Mo.App.1979), should be used sparingly, *State v. Tyler*, 622 S.W.2d 379, 383 (Mo.App.1981), and is limited to cases where there is a strong, clear showing of manifest injustice. *State v. Lue*, 598 S.W.2d 133, 137 (Mo. banc 1980). When guilt is established by overwhelming evidence, no injustice will result from refusal to invoke the plain error rule. *State v. Hurtt*, 509 S.W.2d 14, 15 (Mo.1974). In addition, defendant has the burden of proving that the alleged error amounted to manifest injustice. *State v. Johnson*, 586 S.W.2d 437, 441 (Mo.App.1979). In the case at hand, a jury has found that the

evidence established guilt beyond a reasonable doubt. Furthermore, appellant has failed to meet his burden in showing that manifest injustice occurred.

▪ The defendant in a criminal prosecution has a constitutional right to represent himself. Mo. Const. art. I, § 18(a)(1945) and Criminal Rule 31.02(a). Whether an accused will be allowed to represent himself, however, depends upon whether or not he knowingly and intelligently waived his right to counsel. § 600.051 RSMo 1978. In order to make this determination, the trial court judge should make the defendant aware of the dangers and disadvantages of self-representation, inquire into the intellectual capacity of the defendant and his ability to make an intelligent decision, and make the accused aware that, in spite of his efforts, he cannot afterwards claim inadequacy of representation. *State v. Quinn,* 565 S.W.2d 665, 676 (Mo.App. 1978). As we have already seen, the trial judge here fulfilled the *Quinn* requirements.

Appellant is correct in asserting that the Missouri Supreme Court has held that it is mandatory for a trial court to use the written form proscribed by Section 600.051 RSMo 1978. *State v. Peterson,* 572 S.W.2d 475, 477 (Mo. banc 1978). Likewise, appellant is correct in asserting that failure to sign the form has been held to be plain error. *State v. Hannah,* 649 S.W.2d 260 (Mo.App.1983); *State v. Hamilton,* 647 S.W.2d 594 (Mo.App.1983). In the above cases, however, there was no signed waiver at all. In *Hamilton,* the court expressed concern that in the absence of any record, it was not clear whether the waiver was voluntary or not. *Hamilton,* 647 S.W.2d at 596. Thus, *Hamilton* and *Hannah* are distinguishable from the present case since a written waiver was signed by appellant. Furthermore, in *State v. Tyler, supra,* the court held that the absence of a signed waiver did not constitute plain error.

▪ In declining to invoke the plain error rule, the court in *Tyler* emphasized that the defendant did not meet his burden of establishing that the trial court's failure to obtain the written waiver resulted in a manifest injustice to him. In light of the defendant's experience in legal research and in view of the overwhelming evidence of guilt against the defendant, the *Tyler* court held a written waiver was not required. Similarly, the appellant here admitted he was experienced in legal research. Also, the various pro se motions which he filed were found to be in good order. Lastly, the evidence was overwhelmingly against appellant. For these reasons, we find no prejudice, no manifest injustice, and no miscarriage of justice has occurred as a result of the omissions in the waiver of counsel form. *See City of Kansas City v. Davis,* 629 S.W.2d 631 (Mo.App. 1982).

Although appellant's pro se brief was totally deficient and would not have been entertained by us at all had this not been a pro se brief, we will attempt to address the points that appellant seems to raise.

▪ The trial court did not err in finding that the prosecutor had the discretion to charge the appellant with the offense of stealing, third offense, rather than the offense of burglary, second degree, as charged by the police officer in the initial report. It is within the sole discretion of the prosecuting attorney to determine against whom, when, and how the criminal laws are to be enforced. *State ex rel. Lodwick v. Cottey,* 497 S.W.2d 873, 880 (Mo.App.1973). Point denied.

▪ Appellant next argues that jeopardy attaches because the charge that the arresting police officer listed on his complaint is different than the charge for which appellant was tried. It has been held that no jeopardy attaches as the result of the initial complaint signed by the arresting officer. Therefore, subsequent proceedings against a defendant are not barred. There is no risk of a determination of guilt in the absence of a formal accusation by an officer with the duty to prosecute criminal offenses. *State ex rel. Martin v. Berrey,* 560 S.W.2d 54, 57 (Mo.App.1977). Point denied.

Appellant's next argument is that the trial court erred when it overruled appellant's pro se motion to quash the warrant and his pro se motion to dismiss because the 20-hour limitation of Rule 22.06 was not observed. Appellant, having failed to preserve this point for review, asks that we review it under a standard of plain error. We need not address the plain error issue because the record is clear that the 20-hour limitation was obeyed. When appellant was arrested the first time on September 8, 1982, he was released after the witnesses were unable to appear in time at the warrant office for an arrest warrant to be issued. An at-large warrant was issued on September 9, 1982, for the appellant and was in effect when the appellant was rearrested on September 10, 1982. For this reason, the trial court did not err in overruling the motion to quash the warrant and the motion to dismiss.

Appellant further argues that the trial court erred in overruling his pro se motion to suppress statement, and his counsel's motion to suppress statement. Appellant claims the confession he made, "I took the money but it's only a till tapping, not a robbery," related to another crime. Statements made, however, out of court by a party opponent are admissible when offered against him. *State v. Dentman*, 634 S.W.2d 540, 541 (Mo.App.1982). Therefore, the trial court did not err when it allowed into evidence the statement made by appellant. Appellant's allegation that the confession was made involuntarily is totally without merit in that he made the statement after his rights had been related to him by the arresting officer.

The other points appellant raises in his pro se brief are either indiscernible or utterly without merit.

For the above reasons, the decision of the trial court is affirmed.

CRANDALL, P.J., and STEWART, J., concur.