**STATE of Missouri, Respondent,**

v.

**Lawrence J. MEROLA, Appellant.**

**No. 48782.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Mark V. Clark, Columbia, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Under § 216.460 RSMo. a prison inmate who offers violence to a guard faces from 2 to 5 years further confinement. The state dually charged defendant-prisoner with that violation. A jury found defendant guilty and the court sentenced him as a prior felon to two concurrent four-year prison terms. He appeals.

Here defendant makes two points. First he contends the court erred in letting him represent himself without his written waiver of counsel as provided in § 600.051 RSMo. Second defendant claims error in the verdict directing instruction omitting a mental element of his conduct.

The evidence: The first crime charged was that during defendant's absence a prison guard made a routine inspection of his cell and there found and confiscated prohibited food and utensils; that when defend-ant returned to his cell he profanely threatened the guard and hit him with a cup.

Under prison rules this first encounter required the guards to take defendant to a prison nurse for physical examination. Minutes after the first encounter guards opened defendant's cell door and he struck one in the head. A free-for-all followed in which defendant was also injured.

We now consider defendant's first point that the state failed to get his written waiver of counsel as required by § 600.-051.1. The state relies on the record showing defendant did in fact have counsel at trial.

Defendant relies on *Peterson v. State,* 572 S.W.2d 475 (Mo. banc 1978). That case condemned a conviction where defendant had appeared without counsel and entered a guilty plea. It is not in point.

The record here shows: Defense counsel actively took part in all pre-trial matters and was prepared to defend at trial. When defendant said he wanted to personally examine witnesses the trial court warned him of being his own lawyer and ordered defense counsel to remain at the counsel table, which counsel had requested, so as to give defendant any requested advice. The trial court declared that from voir dire through the instruction conference defense counsel had been available to defendant for consultation.

As we ruled in *State v. Johnson,* 586 S.W.2d 437[18, 19] (Mo.App.1979):

"Since appellant did not waive this right to counsel but proceeded, in the court's discretion, as co-counsel with an attorney's assistance, a written waiver was not necessary."

To the same effect see *State v. Tyler,* 587 S.W.2d 918[1, 2] (Mo.App.1979). We deny defendant's first point and take up his other point.

There defendant claims error in the state's verdict directors by failing to posit a mental element. The instruction was based on § 216.460 RSMo. prescribing punishment for a prisoner who "offers any violence" to a prison guard. Defendant

submits no case in point, but the state refutes the contention. It cites *State v. Jackson*, 500 S.W.2d 306[1] (Mo.App.1973) ruling on the cited statute and holding, as had been held in *State v. Goodman*, 425 S.W.2d 69[2] (Mo.1968), that assault on a prison guard "is unlike ordinary felonious assault in that intent to do great bodily harm need not be charged or proved."

Affirmed.

DOWD, P.J., and CRIST, J., concur.