West Pharris MAY, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 68006.

Supreme Court of Missouri,
En Banc.

Oct. 14, 1986.

Rehearing Denied Nov. 18, 1986.

Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

The defendant represented himself at his trial for armed robbery. He was found guilty and his conviction was affirmed on appeal. *State v. May,* 613 S.W.2d 877 (Mo. App.1981). He then filed a motion under Rule 27.26, asserting, among other claims, that he had not waived his right to counsel in writing, as required by § 600.051, RSMo 1978. The trial court denied relief, finding that he had demanded the right to represent himself, that he had been presented with a waiver in proper form, and that he had refused to sign the waiver. The Court of Appeals reversed, concluding that the written waiver was mandatory under our holding in *Peterson v. State,* 572 S.W.2d 475 (Mo. banc 1978). We granted transfer and, taking the case as on initial appeal, affirm the judgment, having determined that the circuit judge's findings and conclusions are supported by the evidence and are legally correct.

The proceedings began in Cole County, where the crime is alleged to have been committed. A public defender was appointed for the defendant, who filed a sworn "motion to dismiss court appointed attorney", stating as follows:

4. Esq. Ossman and petitioner has no rapport and has asked Mr. Ossman to resign from case in order that petitioner may represent himself.

The case was then taken on change of venue to Boone County, where another public defender was routinely appointed for the defendant. The defendant objected to this appointment and again asserted his desire to conduct his own defense. The trial judge heard him at length and directed the public defender to prepare a written form for waiving counsel, meeting the requirements of § 600.051. The waiver form was read into the record. The defendant refused to sign the form, stating several times that he had already indicated in writing that he wanted to waive his right to

counsel and to act as his own attorney. The trial judge then allowed him to proceed as he had requested, designating the assistant public defender previously appointed for him as amicus curiae to attend the trial so as to be available to consult with the defendant on request.

The defendant cross-examined the state's witnesses and made frequent objections. He made an opening statement at the beginning of his case, examined several witnesses, testified in his own defense (after the court advised him of his right to testify or not as he chose), and made closing argument. He consulted on several occasions with the public defender in attendance, but clearly assumed the direction of his own defense.

He prepared a motion for new trial with the assistance of his stand-by counsel. After judgment and sentence another attorney was appointed for the appeal. No complaint about the defendant's having been denied the right of counsel was made in the motion for new trial or on appeal.

Section 600.051.1 reads as follows:

1. Any judge of a court of competent jurisdiction may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and the waiver is signed before and witnessed by the judge or clerk of the court, providing further that the waiver contains at least the following information which the defendant has read or which has been read to the defendant before the signing thereof:

(1) That the defendant has been charged with the offense of ........ (nature of charge must be inserted before signing);

(2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury;

(3) That the maximum possible sentence on the charge is ........ imprisonment in jail and a fine in the amount of

........ dollars or by both imprisonment and fine. That the minimum possible sentence is ........ imprisonment in jail or by a fine in the amount of ........ dollars or by both such confinement and fine;

(4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by judge;

(5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement;

(6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

In *Peterson v. State, supra,* the trial court accepted a plea of guilty from a defendant who was not accompanied by counsel and pronounced an eight-year penitentiary sentence, without obtaining a written waiver in the form prescribed by the statute. We held that the use of the statutory waiver form was mandatory and set aside the conviction. There is no indication that the defendant was asked to sign a written waiver, or that he was presented with the statutory form. The indication, rather, is to the contrary.

Here it is crystal clear that the defendant had a firm purpose of conducting his own defense. The judge at the 27.26 hearing (not the original trial judge) found as follows:

The basis of that motion was that the movant was requesting to represent himself. A written waiver of counsel in accordance with Section 600.051 RSMo was submitted to the Court, and the right to and advantages of counsel were fully explained to movant. Movant indicated he desired to represent himself but consistently declined to sign the written waiver. ...

■ The defendant posed a dilemma to the trial judge. By reason of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) he had the right to represent himself and to reject his appointed counsel. By that decision a conviction would be infirm if the trial judge, in derogation of the defendant's expressed desires, were to direct his appointed counsel to proceed with the defense. The trial judge would be taking a serious risk if he allowed the trial to proceed without honoring the defendant's wishes, expressed clearly over a period of time.

■ The issue now before us was not present in *Peterson.* We conclude that *Peterson* should not be applied to mandate the written waiver when the statutory waiver is presented to the defendant in open court and read into the record, and he maintains his purpose of conducting his own defense, while explicitly refusing to sign. The defendant's rights under *Faretta* predominate. Our holding accords with the purpose of § 600.051, which is to provide objective assurance that the defendant's waiver is knowing and voluntary. Here the trial court did all that was reasonably possible to obtain such assurance. The defendant, in effect, waived the waiver. To hold otherwise would permit a form of gamesmanship which might seriously interfere with trial proceedings.

The state argues that the defendant was afforded counsel, in that the public defender was made available to him. We do not have to determine whether this "hybrid" representation was sufficient under the applicable constitutional provision. Prudence dictates that anything but the full representation by counsel be the subject of express written waiver, unless the defendant refuses to sign. We also commend the practice of making stand-by counsel available to an indigent defendant who proposes to represent himself.

The judgment is affirmed.

HIGGINS, C.J., BILLINGS, DONNELLY, WELLIVER and RENDLEN, JJ., and STEPHAN, Special Judge, concur.

ROBERTSON, J., not sitting.