STATE of Missouri,
Plaintiff–Respondent,

v.

Tom DAYWALT, Defendant–Appellant.

No. 15606.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 8, 1988.

No appearance for plaintiff-respondent.

Jacob R. Skouby, Joplin, for defendant-appellant.

GREENE, Judge.

Tom Daywalt was court-tried and convicted of the class B misdemeanor of trespass in the first degree, § 569.140,[1] and was sentenced to three days' confinement in the county jail as punishment for the offense. The substance of the charge against Daywalt, who was 60 years old, was that he had knowingly and unlawfully entered real estate owned by Ethel Vaughan, after having been given notice not to do so.

Daywalt had rented an apartment from Ms. Vaughan in Lanagan, McDonald County, Missouri, and had been her tenant for seven years. For reasons not explained in the record, Ms. Vaughan had Daywalt evicted, but he later returned to the property, saying he would be told by Jehovah where and when he was to move. When Daywalt refused to leave, he was arrested by police, and jailed.

The trespass charge was then filed on December 21, 1987. The docket entry relative to arraignment on the charge reads as follows: "Comes defendant who is duly arraigned—plea not guilty—trial set Jan. 15–1988 11AM. Defendant states he is indigent—does not want public defender does not want a lawyer—is 60 years old. Defendant states he cannot agree that he will not trespass on same real property if released. Defendant is committed to custody [of] sheriff until bond ($500) made." Daywalt was evidently unable to make bond and remained in jail until January 15, 1988, when he was court-tried on the trespass charge. He was not represented by counsel at trial.

There is nothing in the record to indicate that Daywalt was advised of his right to a jury trial, or that he had waived jury trial. There is nothing in the record to show that he was ever asked to execute a written waiver of his right to counsel, or that he had knowingly and intelligently waived his right to counsel. It is evident from the transcript that Daywalt was not familiar with court procedures and rules.

When it became known to Daywalt that he could not disqualify the trial judge, who Ms. Vaughan stated was a good friend of hers, because Daywalt had not timely filed a disqualification notice, he refused to participate in the trial. His conviction and jail sentence followed.

Counsel was then appointed for Daywalt for purposes of appeal. He contends that the trial court erred in failing to ascertain if Daywalt knowingly and intelligently waived his right to counsel before proceeding with the case. We agree, and reverse and remand.

■ The right to legal counsel and a speedy public trial before an impartial jury is guaranteed by the Missouri Constitution, art. I, § 18(a), and by the sixth amendment to the United States Constitution. Absent a knowing and intelligent waiver, no person may be imprisoned for any criminal offense unless he was represented by counsel at trial. *Argersinger v. Hamlin*, 407 U.S. 25,

---

1. Unless otherwise indicated all references to statutes are to RSMo 1986, V.A.M.S.

35, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). Daywalt was charged with a class B misdemeanor for which he faced a possibility of a six-month jail sentence if convicted, § 558.011.1(6), so the rule of *Argersinger* applies.

■ As an indigent, Daywalt should have been represented by a court-appointed attorney, unless he knowingly and intelligently waived his right to counsel. There is nothing in the record to show that he did. Section 600.051 outlines the procedure courts shall utilize when determining if waiver of counsel should be permitted. The relevant portions of the statute read as follows:

1. Any judge of a court of competent jurisdiction may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and the waiver is signed before and witnessed by the judge or clerk of the court, providing further that the waiver contains at least the following information which the defendant has read or which has been read to the defendant before the signing thereof:

(1) That the defendant has been charged with the offense of . . . . . . . . . . . . (nature of charge must be inserted before signing);

(2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury;

(3) That the maximum possible sentence on the charge is . . . . . . . . . . . . imprisonment in jail and a fine in the amount of . . . . . . . . . . . . dollars or by both imprisonment and fine. That the minimum possible sentence is . . . . . . . . . . . . imprisonment in jail or by a fine in the amount of . . . . . . . . . . . . dollars or by both such confinement and fine;

(4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by judge;

(5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement;

(6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

The statute became effective August 13, 1976. Since that date, failure to tender the written waiver to defendant for his signature, after he has read the waiver form or had it read to him, has been held to be reversible error. *Peterson v. State*, 572 S.W.2d 475, 477 (Mo. banc 1978). The state has the burden of showing a defendant knowingly and intelligently waived his right to counsel. *State v. Ehlers*, 685 S.W. 2d 942, 945 (Mo.App.1985). No such showing has been made here. In fact, the state did not even file a brief in an effort to rebut Daywalt's claim on appeal. There is nothing in the record to indicate that the trial court, or anyone else, ever explained Daywalt's constitutional rights to him, including his right to counsel and his right to a jury trial, or that the trial judge followed the mandated format set out in § 600.051.1 in an effort to determine if Daywalt validly waived his constitutional rights.

The transcript in this case leaves the impression that Daywalt was relying on a higher power to guide him, and protect him from legal harm. Daywalt is entitled to his personal beliefs. He is also entitled to protection of the law so that his legal rights may be preserved. He did not receive such protection in this case.

Since the state did not obtain, or attempt to obtain, a written waiver of counsel from Daywalt, in the form prescribed by § 600.051.1, and since there is no showing in the record that Daywalt knowingly and intelligently waived his right to counsel, after being made aware of the problems and difficulties of self-representation, the trial court committed prejudicial error by failure to apply the provisions of § 600.051.1 to the facts at hand. *State v.*

*Hamilton,* 647 S.W.2d 594, 595 (Mo.App. 1983).

The judgment and sentence of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

HOLSTEIN, C.J., and CROW, P.J., concur.