STATE of Missouri, Respondent,

v.

Forrest Gorden ALBRIGHT, Appellant.

No. WD 45986.

Missouri Court of Appeals,
Western District.

Dec. 22, 1992.

William D. Fickle, Platte City, for appellant.

Victor B. Peters, Pros. Atty., Platte City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

FENNER, Presiding Judge.

Forrest Gorden Albright appeals from his judgment of conviction and sentence for driving while intoxicated, in violation of section 577.010, RSMo 1986, and failure to drive in a single lane, in violation of section 304.015, RSMo 1986.[1]

Albright was arrested on August 18, 1991 for driving while under the influence of alcohol and for failing to drive within a single lane. The matter was set for trial in the Platte County Circuit Court on September 30, 1991, at which time Albright requested a continuance until November 13, 1991.

On November 13, 1991, just prior to the hearing, Albright requested a public defender to represent him in this cause. As required by the Public Defender's Commission pursuant to section 600.086.3, Albright completed an affidavit containing factual information which was submitted to the Public Defender's Office to determine if Albright qualified for the appointment of a public defender. Based on the information in the affidavit, Albright was denied the appointment of a public defender.

Albright appealed this decision to the Platte County Circuit Court on November 13, 1991. The court denied Albright's appeal, and the cause was continued at Albright's request to December 11, 1991, to enable Albright to consult with a private attorney. The November 13th proceeding was not recorded.

On December 11, 1991, Albright appeared before the Platte County Circuit Court and entered a plea of not guilty. The cause was set for trial on December 18, 1991. This hearing was not recorded.

On December 18, 1991, Albright appeared pro se and requested a jury trial. The cause was set for trial on December 23, 1991. No recording of the hearing was made.

Albright appeared pro se before the Platte County Circuit Court on December 23, 1991, at which time the cause was continued until February 3, 1992. At the trial on February 3, 1992, Albright again appeared pro se. The discussion between Albright and the court regarding Albright's right to an attorney and his waiver thereof was recorded. This discussion is as follows:

THE COURT: There are two companion charges, I'm sorry, just one. We'll take that up at a later time. Come up, please, gentlemen, both of you. Mr. Albright, you're not represented by an attorney this morning, is that correct?

MR. ALBRIGHT: No, I am not, Your Honor.

THE COURT: And, you've previously been advised of your right to an attorney, is that correct?

MR. ALBRIGHT: Yes, I have, sir.

THE COURT: And, you're waiving your right to an attorney?

MR. ALBRIGHT: Yes, I am, sir.

THE COURT: Do you understand that you have a right to have an attorney present? If you can't afford one, one will be appointed for you?

MR. ALBRIGHT: Yes, we already went through this, Your Honor.

THE COURT: Do you understand that there are certain procedures and certain rules of evidence that are followed in a jury trial and you'll be bound by the same rules and procedures as an attorney would?

MR. ALBRIGHT: Yes, sir.

1. Unless otherwise noted, all statutory references are to RSMo 1986.

THE COURT: I won't help you, and, if you violate the rules of evidence, upon objection by this State, that those will be sustained. And, if they are proper, then the State will be overruled, do you understand that?

MR. ALBRIGHT: Yes, sir.

THE COURT: And, you follow the same rules of evidence as the State does, as the prosecutor does?

MR. ALBRIGHT: Yes, sir.

The trial concluded on February 3, 1992, and the jury found Albright guilty of driving while intoxicated and failure to drive in a single lane. Albright was sentenced to 181 days in jail and a $250.00 fine.

■ In his first point on appeal, Albright argues that the trial court erred in not appointing a public defender, thereby denying his constitutional right to counsel, because the record was insufficient to show Albright's financial status and eligibility for the services of a public defender.

■ According to section 600.086.1, a person is eligible for representation when it appears from all the circumstances of the case including his ability to make bond, his income and the number of persons dependent on him for support that the person does not have the means at his disposal to obtain counsel in his behalf. The public defender, under section 600.086.3, determines indigency based on factual information contained in the affidavit completed by the defendant. *See State ex rel. Shaw v. Provaznik*, 708 S.W.2d 337 (Mo.App.1986) (holding that determination of "eligible" person under Chapter 600 shall be made by public defender, subject to appeal, and not by court in first instance).[2] Under section 600.086.6, the defendant has the burden of convincing the public defender or the court of his eligibility to receive legal services.

■ In making its determination of indigency, the public defender may consult guidelines, which provide that a defendant may be considered indigent if his take-home pay and other sources of income do not exceed one hundred dollars ($100.00) plus twenty dollars ($20.00) per week for each dependant the defendant is supporting. Mo.Code Regs. tit. 18, § 10–3.010 (1992). Factors that should be taken into consideration include debts, a spouse's income, and other assets. *Id.*

■ In reviewing the public defender's, and ultimately the trial judge's, decision to deny Albright the services of a public defender, the appellate court is bound by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), that is, the judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declares or applies the law. *Id.* at 32.

According to the affidavit, Albright works as an auto mechanic with an income of $195.00 to $200.00 per week. Also of significance is the fact that Albright was able to make bond. Albright's wife is employed, although her income was not shown on the affidavit. The affidavit further shows that Albright has two dependent children. No questions or statements regarding debts were disclosed on the affidavit. At the time the affidavit was completed, Albright did not receive any income from public assistance programs and had $20.00 in cash. Finally, other than a 1968 Ford pickup, Albright owned no other assets of any value.

The guidelines, as applied to this case, provide that Albright would not be considered indigent, and thus would not qualify for the services of a public defender, if his income exceeded $100.00 per week. Assuming Albright supported his two children, the guidelines would allow $20.00 for each child to be added onto the $100.00 figure. Thus, Albright would not be considered indigent if his income exceeded

---

**2.** The determination of indigency by the court through suitable inquiry under section 600.086, RSMo 1978, was withdrawn by an amendment to section 600.086.3 which was effective on April 1, 1982. *State ex rel. Shaw v. Provaznik*, 708 S.W.2d 337, 341 (Mo.App.1986). Prior to the amendment, either the public defender or the court were authorized to determine indigency. *Id.* (citing § 600.086.3, RSMo 1978). The 1982 Amendment, however, charges the public defender with that duty subject to appeal to the court. *Id.*

$140.00 per week, an amount representing the $100.00 per week plus $40.00 for the two dependent children. However, Albright indicated on the affidavit that his income was $195.00 to $200.00 per week, and he failed to prove otherwise.

Albright failed to prove that he was eligible based on the information he provided in his affidavit. The public defender and the trial court on review had sufficient information from which to determine that Albright did not qualify for services of the public defender. This being so, the determination of Albright's ineligibility for representation by the public defender is sustained.

Albright's first point is denied.

█ In his second point on appeal, Albright argues that the trial court erred in allowing him to represent himself because it failed to obtain a knowledgeable and intelligent waiver of counsel from him.

█ Absent a knowing and intelligent waiver of counsel, no person may be imprisoned unless he was represented by counsel at trial. *State v. Watson*, 687 S.W.2d 667, 669 (Mo.App.1985). Where a defendant elects to proceed pro se, the record must reflect that he voluntarily, knowingly, and intelligently waived his right to counsel. *Id.* The trial judge has the duty to determine whether there has been an intelligent waiver by the defendant. *Id.* (citing *Von Moltke v. Gillies*, 332 U.S. 708, 723–24, 68 S.Ct. 316, 323–24, 92 L.Ed. 309 (1948)). Section 600.051.1 provides, in relevant part:

1. Any judge of a court of competent jurisdiction may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement *if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and the waiver is signed before and witnessed by the judge or clerk of the court,* providing further that the waiver contains at least the following information which the defendant has read or which has been read to the defendant before the signing thereof:

(1) That the defendant has been charged with the offense of ......... (nature of charge must be inserted before signing);

(2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury;

(3) That the maximum possible sentence on the charge is ......... imprisonment in jail and a fine in the amount of ..... dollars or by both imprisonment and fine. That the minimum possible sentence is ...... imprisonment in jail or by a fine in the amount of ....... dollars or by both confinement and fine;

(4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by judge;

(5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement;

(6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

Section 600.051.1, RSMo 1986 (emphasis added).

The written form of waiver prescribed in section 600.051.1 is mandatory. *Peterson v. State*, 572 S.W.2d 475, 477 (Mo. banc 1978). The court in *Peterson* insisted on strict compliance with the statute, holding that the failure to use the written form mandated reversal, even in the absence of prejudice. *Id.* at 476–77. While an exception to this rule was carved out in *May v. State*, 718 S.W.2d 495 (Mo. banc 1986), it was a narrow exception which essentially stated that no written waiver is required where defendant has a firm purpose of representing himself, where a written waiver was prepared in accordance with the statute and read into the record, and where defendant refused to sign the form. *Id.* at 496. "[T]rial courts are cautioned, as they were in *May*, to obtain written waivers of counsel whenever a defendant expresses a

desire to act with less than full representation and is willing to sign such a form." *State v. Hunter*, 840 S.W.2d 850, 860 (Mo. banc 1992).

 There is nothing in the record in the case at bar to indicate that a written waiver was obtained. Furthermore, this case does not fit within the narrow exception set forth in *May*. Albright did not express a clear and firm purpose of representing himself, as shown by his attempt to obtain the services of a public defender. The record does not show that any written waiver form was even prepared and presented to Albright for him to sign. Thus, under *Peterson*, the trial court's failure to comply with the mandatory requirement of section 600.051.1 is reversible error.

The judgment is reversed and the cause remanded with directions to enter judgment either setting aside Albright's sentence to jail or setting aside the conviction and granting Albright a new trial.[3]

All concur.

---

**3.** In Missouri jurisprudence, the power of a court to assess, decrease, or increase a criminal sentence rests on statute, a rule of procedure equivalent to statute, or other rule of law. *State v. Lewis*, 633 S.W.2d 110, 118 (Mo.App.1982). Rule 29.05 gives the trial court "power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." *See also State v. Feltrop*, 803 S.W.2d 1, 15 (Mo. banc) *cert. denied*, ⸺ U.S. ⸺, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991).

Absent knowing and intelligent waiver, no individual may be imprisoned for any criminal offense unless he was represented by counsel at trial. *State v. Daywalt*, 756 S.W.2d 953, 954 (Mo.App.1988). There is no constitutional impediment to an uncounseled misdemeanor conviction where a prison term is not imposed. *White v. King*, 700 S.W.2d 152, 155 (Mo.App. 1985). Thus, if Albright is merely fined and not sentenced to any term of imprisonment, he has no constitutional right to counsel.