**STATE of Missouri, Respondent,**

v.

**Jerry W. WILKERSON, Appellant.**

**No. WD 53109.**

Missouri Court of Appeals,
Western District.

July 15, 1997.

Mark Tracy, Assistant Prosecuting Attorney, Fulton, for Respondent.

James C. Dowling, Fulton, for Appellant.

Before ULRICH, C.J., P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Jerry Wilkerson appeals his judge-tried convictions in the Circuit Court of Callaway County before the Honorable Patrick Horner for three counts of illegal possession of wild-

life, § 252.040 [1]. At trial, appellant appeared *pro se*, the public defender having been allowed to withdraw with appellant's acquiescence. Appellant was sentenced to three months imprisonment on each count, to be served concurrently. In his sole point on appeal, appellant claims that the trial court erred in allowing him to proceed to trial *pro se* in that his written waiver of counsel was not executed in accordance with § 600.051.

We reverse and remand.

### Facts

Appellant does not challenge the sufficiency of the evidence to convict. Thus, we only look to the procedural background of the case.

In January of 1996, appellant was charged in the Circuit Court of Callaway County with three counts of illegal possession of wildlife, § 252.040. Appellant entered a guilty plea on all three counts on March 29, 1996, with the State waiving any confinement as a possible punishment. However, the trial court refused the pleas of guilty because of the State's waiver of confinement.

Prior to trial, the Public Defender withdrew as counsel for appellant with appellant's acquiescence. Appellant proceeded to trial *pro se* after having a waiver of counsel form read to him on the record and signing the same. The trial court found on the record that appellant had made his waiver of counsel intelligently and voluntarily, with full understanding of the nature of the charges and the range of punishment. After a judge-trial, appellant was convicted on all three counts and sentenced to three months imprisonment on each count, to run concurrently. This appeal followed.

### Standard of Review

 When an appellant fails to preserve his or her grounds for appeal, as was the case here, our appellate role is limited to a review for plain error under Rule 30.20. *State v. Hunter*, 840 S.W.2d 850, 859–60 (Mo. banc 1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993). An appellate court may, but is not required to

grant plain error review. *State v. Morrison*, 869 S.W.2d 813, 815 (Mo.App.1994). As such, unless a claim of error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,'" we will decline to exercise our discretionary review of the claimed error. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). We choose to exercise our discretion here and will review for plain error as appellant requests.

 The plain error rule should be used "sparingly" and may not be used to justify a review of every point that has not been preserved for appellate review. *Morrison*, 869 S.W.2d at 815. "Relief will not be granted under the plain error rule unless [appellant] shows that the error affected his rights so substantially that a miscarriage of justice or manifest injustice would occur if the error is left uncorrected." *State v. Silvey*, 894 S.W.2d 662, 671 (Mo. banc 1995). "A determination of whether plain error exists must be based on the consideration of the facts and circumstances of each case." *State v. Williams*, 858 S.W.2d 796, 798 (Mo.App. 1993).

### I.

Appellant claims that the trial court plainly erred in allowing him to proceed to trial *pro se* in that his written waiver of trial counsel was not executed in accordance with § 600.051. He argues that the requirements of this section are mandatory and that the failure of the trial court to obtain a written waiver from him in accordance with it is reversible error. Appellant alleges that his written waiver was fatally defective in that: (1) the trial judge or clerk failed to witness his waiver in writing; and, (2) the waiver did not contain the warning that if he pled guilty or was found guilty, the judge was "most likely to impose a sentence of confinement." We will only address appellant's second allegation as to his waiver in that it is dispositive of his appeal.

---

**1.** All statutory references are to RSMo 1994, unless otherwise indicated.

The Sixth and Fourteenth Amendments to the U.S. Constitution guarantee the right to assistance of counsel before a sentence of imprisonment may be imposed. *State v. Ehnes,* 930 S.W.2d 441, 443 (Mo.App. 1996). The right to counsel may be waived, but due process requires that for it to be effective, the waiver must be made knowingly and intelligently. *State v. Hunter,* 840 S.W.2d 850, 857 (Mo. banc 1992), *cert. denied,* 509 U.S. 926, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993). The State has the burden to show that the defendant knowingly and intelligently waived his right to counsel. *Id.* Section 600.051 governs the waiver of counsel in criminal cases wherein a defendant may receive a jail sentence or confinement. The purpose of § 600.051 "is to provide objective assurance that the defendant's waiver is knowing and voluntary." *May v. State,* 718 S.W.2d 495, 496 (Mo. banc 1986).

Section 600.051 states, in pertinent part:

1. Any judge of a court of competent jurisdiction may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and the waiver is signed before and witnessed by the judge or clerk of the court, providing further that the waiver contains at least the following information which the defendant has read or which has been read to the defendant before signing thereof:

(1) That the defendant has been charged with the offense of . . . . . . . . . . (nature of the charge must be inserted before signing);

(2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury;

(3) That the maximum possible sentence on the charge is . . . . . . . . . . imprisonment in jail and a fine in the amount of . . . . . . . . . . dollars or by both imprisonment and fine. That the minimum possible sentence is . . . . . . . . . . imprisonment in jail or by a fine in the amount of . . . . . . . . . . dollars or by both such confinement and fine.

(4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by judge;

(5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement;

(6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

"[S]ince the effective date of § 600.051 (August 13, 1976) the use of the written form prescribed therein has been mandatory and that failure to use the written form as mandated is reversible error." *Peterson v. State,* 572 S.W.2d 475, 477 (Mo. banc 1978). The Missouri Supreme Court has expressly recognized two exceptions to the rule enunciated in *Peterson,* the *"May"* exception outlined in *May v. State, supra,* and the *"Hunter"* exception outlined in *State v. Hunter, supra.*

In *May,* the court held that a written waiver executed in accordance with § 600.051 is not mandatory where the defendant demonstrates a firm purpose in representing himself, where a written waiver was prepared in accordance with the statute and read into the record, and where defendant refused to sign the form. In holding as it did, the court was recognizing the defendant's right to represent himself and to reject appointed counsel as enunciated in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), while still complying with the purpose of § 600.051, "which is to provide objective assurance that the defendant's waiver is knowing and voluntary." *May,* 718 S.W.2d at 497. In this respect, the court stated that: "Here the trial court did all that was reasonably possible to obtain such assurance. The defendant, in effect, waived the waiver. To hold otherwise would permit a form of gamesmanship which might seriously interfere with trial proceedings." *Id.* The Missouri Supreme Court was, in effect, holding that the defendant had waived his right to counsel by his

conduct in refusing to sign the waiver, or, in other words, there was an "implied waiver by conduct."

In *Hunter,* the Missouri Supreme Court recognized that each district of the Missouri Court of Appeals had held that when a defendant is provided "standby" or "hybrid" counsel, he has not actually waived counsel and, as such, a written waiver in accordance with § 600.051 is not required. *Hunter,* 840 S.W.2d at 860. The court adopted the position of the Court of Appeals holding that no written waiver in accordance with § 600.051 is required where the defendant has "standby" or "hybrid" counsel. *Id.*

In *State v. Albright,* 843 S.W.2d 400 (Mo. App.1992), this court recognizing the rule in *Peterson,* reversed the defendant's conviction for failure of the trial court to obtain a written waiver in accordance with § 600.051. *Albright,* 843 S.W.2d at 404. In *Albright,* the defendant sought the appointment of a public defender, but was determined to be non-indigent. When denied court-appointed counsel, he sought private counsel, but was unable to employ one. At trial he was asked by the trial court on the record if he was waiving his right to counsel, to which he responded that he was. No written waiver in accordance with § 600.051 was ever read to or signed by the defendant. In reversing, the court stated: "The written form of waiver prescribed in section 600.051.1 is mandatory. *Peterson v. State,* 572 S.W.2d 475, 477 (Mo. banc 1978). The court in *Peterson* insisted on strict compliance with the statute, holding that the failure to use the written form mandated reversal, even in the absence of prejudice. *Id.* at 476–77." *Albright,* 843 S.W.2d at 403. In *Albright,* as the Missouri Supreme Court did in *Peterson, May and Hunter,* this court again cautioned trial courts to obtain written waivers of counsel in accordance with § 600.051. *Albright,* 843 S.W.2d at 403–04.

In the case at bar, the record reflects that although there was a written waiver of counsel, it was not in compliance with § 600.051 in that it unexplainably omitted the required warning that if appellant pled guilty or was found guilty, the trial judge was "most likely to impose a sentence of confine-ment," and therefore, was not in the written form as mandated. The respondent contends that the appellant, although never expressly advised of this fact in the waiver or on the record, he should have deduced it from the trial court's rejection of his pleas of guilty pursuant to the waiver by respondent of any consideration for jail time. This contention ignores the holding in *Peterson* and is not persuasive. Furthermore, the facts of this case do not fit within the exception of *May* or *Hunter.* Thus, we hold the trial court's failure to comply with § 600.051 was plain error, *State v. Hamilton,* 647 S.W.2d 594, 596 (Mo.App.1983), and requires reversal. *Peterson,* 572 S.W.2d at 477; *Hunter,* 840 S.W.2d at 860; *Albright,* 843 S.W.2d at 404; *State v. Hannah,* 649 S.W.2d 260 (Mo. App.1983).

Respondent contends that the rule of *Peterson* is not applicable here under plain error review because there was, in fact, a written waiver which was simply defective in that it left out one of the six elements prescribed by § 600.051. In support of this contention, it cites *State v. Rogers,* 674 S.W.2d 608, 611 (Mo.App.1984) and *State v. Tyler,* 622 S.W.2d 379, 383 (Mo.App.1981). Both cases cited would seem to support respondent's contention that a written waiver which does not include all six elements required by § 600.051.1 does not constitute plain error. However, we decline to follow these holdings of the Eastern District.

In *Rogers,* the court, when confronted with the issue in question, distinguished two decisions of this court, *State v. Hannah, supra,* and *State v. Hamilton, supra,* which held that a variance from § 600.051 in the written waiver was plain error. The Eastern District distinguished these cases on the basis that they were cases where no written waiver was obtained and that the *Hamilton* court, in ruling as it did, was primarily concerned that without a written waiver there was no record from which to determine if the waiver was voluntary or not. *Rogers,* 674 S.W.2d at 611. This reasoning ignores the rule enunciated in *Peterson,* which specifically requires a written waiver of counsel in the form prescribed by § 600.051, unless an exception applies, and that the failure to do so is reversible

error without any showing of prejudice. *Peterson,* 572 S.W.2d at 476–77. It also ignores the stated purpose of requiring a written waiver in the form prescribed by § 600.051— "to provide objective assurance that the defendant's waiver is knowing and voluntary." *May,* 718 S.W.2d at 496. Logically, the objective assurance to which the court refers would extend to each and every element required in § 600.051.

Although not cited by respondent, there are numerous appellate decisions which hold that the waiver required by § 600.051 may be "implied by conduct," where a non-indigent defendant refuses to employ private counsel, the seminal case appearing to be *State v. Yardley,* 637 S.W.2d 293, 295–96 (Mo.App.1982), decided by the Southern District. The court there held that " § 600.051[did] not apply to the action of a defendant in refusing to hire a lawyer." *Id.* at 296. Thus, the fact that there wasn't a written waiver of counsel presented to the defendant for signature in accordance with § 600.051 was not reversible error. The *Yardley* fact situation is different from the fact situation in *May,* in that in *May* the defendant indicated he was waiving counsel, but refused to sign the written waiver. In *Yardley,* the defendant was not "expressly" waiving counsel, but simply refused to employ private counsel, after having been found to be ineligible for the public defender. Although decided before *May,* the court in *Yardley* predicated its holding on the same basic rationale, that a procedurally wise defendant should not be allowed to frustrate the orderly administration of justice by manipulating the procedural process with respect to the waiver of counsel. However, the Supreme Court in *May,* when discussing the exceptions to the rule in *Peterson,* made no mention of *Yardley* and to date has not expressly approved its holding, although the Eastern and Southern Districts of Missouri Courts of Appeal have followed it in numerous instances. *See State v. Kilburn,* 941 S.W.2d 737 (Mo.App. E.D.1997); *State v. Davis,* 934 S.W.2d 331 (Mo.App. E.D.1996); *State v. Ehnes,* 930 S.W.2d 441 (Mo.App. S.D.1996); *State ex rel. Snider v. Flynn,* 926 S.W.2d 891 (Mo.App. E.D.1996); *State v. Yeargain,* 926 S.W.2d 883 (Mo.App. S.D. 1996); *State v. Bethel,* 896 S.W.2d 497 (Mo. App. S.D.1995); *State v. Wilson,* 816 S.W.2d 301 (Mo.App. S.D.1991).

Because the Missouri Supreme Court has yet to address the *Yardley* situation, it is uncertain when it does whether it will hold that the trial court in such a case is required to prepare a written waiver in accordance with § 600.051 for the defendant to sign and then to read into the record as it required in *May,* where the defendant's waiver of counsel was also "implied by his conduct." Thus, out of an abundance of caution, it would seem advisable for trial courts even in *Yardley* situations to prepare a written waiver of counsel in accordance with § 600.051 and present it to the defendant for signature and have him or her refuse to sign it on the record. In any event, based on the record presented, the *Yardley* exception to *Peterson* does not apply to the case at bar.

 Although not raised by appellant on appeal, we note that the trial court, besides not obtaining a valid § 600.051 waiver of counsel, did not advise appellant of the perils of self-representation. In determining whether the waiver of counsel is knowing and intelligent, the trial court is not only required to resolve the application of § 600.051, it must also determine whether the defendant was advised of the perils of self-representation. *State v. Schnelle,* 924 S.W.2d 292, 296 (Mo.App.1996); *Davis,* 934 S.W.2d at 334; *Bethel,* 896 S.W.2d at 500.

Although there is no specific litany required for apprising a *pro se* defendant of the difficulty and dangers of self-representation, the defendant should be apprised in terms sufficient to enable him to make an intelligent decision. *Wilson,* 816 S.W.2d at 307. This court has stated that when determining whether a defendant should represent himself, the trial court should 1) advise the defendant of the dangers and disadvantages of self-representation, 2) inquire into the defendant's intellectual capacity to make an intelligent decision, and 3) make the defendant aware that, in spite of his efforts, he cannot afterwards claim inadequacy of representation. *State v.*

*Quinn,* 565 S.W.2d 665, 676–77 (Mo.App. 1978).

*Davis,* 934 S.W.2d at 334.

■ In reviewing the record here, we find that there was no attempt by the trial court to advise appellant of the perils of self-representation. This was error. However, unlike the case of a defective written waiver, where no showing of prejudice is required to cause a reversal, a showing of prejudice is required when error is predicated on the trial court's failure to inform the defendant of the perils of self-representation. *Schnelle,* 924 S.W.2d at 296. In any case, because we reverse here on the basis the § 600.051 written waiver of counsel was defective, we need not decide if prejudice resulted from the failure by the trial court to advise appellant of the perils of self-representation.

### Conclusion

We reverse the judgment and remand the cause to the trial court. Because the § 600.051 waiver of counsel applies only in the case of a sentence of confinement, on remand we give the trial court the option to either set aside appellant's sentences of confinement or to set aside his convictions and grant him a new trial. *Albright,* 843 S.W.2d at 404.

All concur.